(77 South. 734)

SHARPE et al. v. HUGHES.    (6 Div. 701.)

(Supreme Court of Alabama.  Jan. 17, 1918.)

1. MORTGAGES  �köö186(2)—ACCOUNTING—REDEMPTION—SUFFICIENCY OF BILL.

Bill by a second mortgagee, against the mortgagor and the first mortgagee, before foreclosure, to give the second mortgagee's mortgage precedence, upon the theory that the first mortgagee had consented for valuable consideration to subordinate his mortgage, *held* to authorize an accounting and redemption, relief obtainable under the general prayer.

2. MORTGAGES  ⊫186(1)—BILL TO GIVE SECOND MORTGAGE PRECEDENCE—PROPER PARTY.

One who acted for a first mortgagee in agreeing with the second mortgagee to give the latter's mortgage precedence over the first was a proper, if not necessary, party to suit by the second mortgagee against the mortgagor and the first mortgagee before foreclosure to give the second mortgage precedence.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by J. G. Hughes, as administrator, against George M. Sharpe and another, to subordinate a first to a second mortgage and for general relief. From the decree, respondents appeal. Affirmed.

The original bill alleges:

That in January, 1914, defendant Sharpe executed a mortgage to A. F. Steele for $378, payable on the same day, to wit, January 2d, and covering the following property: (Here follows the description of a lot of personal property.) That on January 27, 1915, Sharpe executed and delivered to M. S. Hughes a promissory note for $600, payable one year after date, and executed and delivered to said Hughes a mortgage securing said note, which mortgage conveyed to said Hughes the following personal property: (Here follows a description of property substantially as that set out in the first mortgage.) That default has been made in the mortgage, and the same is now due and unpaid. That during the lifetime of M. S. Hughes he was a resident of Jefferson county, Ala. That he died there August 28, 1916, and complainant was duly appointed administrator ad colligendum of his estate, and is now such administrator. That at the time Hughes died

he was the owner of a note and mortgage herein described. Complainant requested defendant A. F. Steele to inform complainant the amount due on his first mortgage, and agreed to pay said defendant the amount so due, but said Steele refused to inform complainant of the amount due on the first mortgage, or to accept payment therefor for complainant.

The bill was amended by adding the following:

In March, 1915, M. F. Hughes was judicially declared a non compos mentis, and was confined in the asylum for the insane at Tuscaloosa, and W. G. Estes was duly appointed guardian of said estate of the non compos, and retained N. L. Steele as attorney to represent him as such guardian, and said Estes demanded payment from the said Sharpe of the note and mortgage herein described, the same being due, and that at said time N. L. Steele was also attorney for said Sharpe, and, as attorney for both parties, said Steele arranged with said Estes to give said Sharpe an extension of time in the payment of the note and mortgage, and agreed with said Estes as guardian that, if said guardian would not take legal steps to force immediate payment of said $600 note and mortgage, he, said Steele, would, in consideration of said exemption, arrange so that the $600 note and mortgage would become a first mortgage, and the note and mortgage executed by Sharpe to A. F. Steele would become a second mortgage, and, relying upon said agreement with N. L. Steele, said Estes refrained from immediate collection of the Hughes mortgage.

Here follows statement of the death of Hughes, the settlement of Estes as guardian, and the appointment of complainant as administrator, and the fact that N. L. Steele was present representing said Estes as attorney, for which he was paid a fee, and that at said final settlement Estes surrendered to complainant the Sharpe mortgage for $600, and that after its receipt complainant demanded payment of Sharpe of the mortgage, and that thereupon Steele notified complainant that he held for collection the note and mortgage made by Sharpe to A. F. Steele, and that the same was a first mortgage on the same property, and that, in the event complainant undertook to foreclose the $600 mortgage, he (Steele) would immediately take possession of said property and foreclose the mortgage held by him, and that he would not allow the mortgage held by him, to become a second mortgage to that held by complainant. It is alleged that the agreement made between Steele and Estes to extend the time of payment of the Hughes mortgage was not made with the intention of carrying it out, but for the purpose of defrauding the estate of M. S. Hughes, and that the estate had been greatly damaged thereby. It is further alleged on information and belief that A. F. Steele is the father of N. L. Steele, and that N. L. Steele has full power and authority to act for and represent A. F. Steele in all matters pertaining to the mortgage herein described, as much so as the said A. F. Steele would have if present and acting for himself. The prayer was amended so as to ask in the alternative for an accounting to ascertain the amount due A. F. Steele, and for a restraining order until that could be determined.

M. L. Ward and N. L. Steele, both of Birmingham, for appellants. Clark Williams, of Birmingham, for appellee.

ANDERSON, C. J. [1, 2] The bill as amended is by a second mortgagee against the mortgagor and the first mortgagee, before foreclosure, to give the complainant's mortgage precedence, upon the theory that the first mortgagee had consented, for a valuable consideration, to subordinate his mortgage to the complainant's. If, however, this theory of the bill cannot be established by the proof, the bill sets up a state of facts which would authorize an accounting and redemption and which relief could be obtained under the general prayer. Indeed, the equity of the bill as against the respondents, other than N. L. Steele, is not seriously questioned in brief of counsel, though it is urged that the bill makes out no case for equitable relief against N. L. Steele, and that he is therefore joined as an improper party. The amended bill charges that the agreement to subordinate the Steele mortgage was made by the said N. L. Steele, who was, in effect, the alter ego of A. F. Steele, and that by virtue of the breach of the agreement, etc., the complainant has been prejudiced. It might be that, if this agreement was made and N. L. Steele had the authority to make it, it could be enforced without the necessity of making N. L. Steele a party; but as the bill sets up the transaction with N. L. Steele, and if he did not have the authority to make it, he would no doubt be personally liable for any damage he may have caused and should be answerable under this bill. At any rate, he is a proper, if not a necessary, party; and, whether or not that part of the bill as seeks relief against him would withstand an appropriate ground of demurrer, we need not decide. It is sufficient to say that the bill was not subject to the demurrer interposed thereto.

The decree of the circuit court is affirmed. Affirmed.

McCLELLAN, SOMERVILLE, and GARDNER, JJ., concur.